# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MICHAEL HILL,** *et al.*, ) | **CASE NO. 1:21 CV 476** |
| ) | |
| Plaintiffs, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OF OPINION** |
| **MIDDLEBURG HEIGHTS** ) | **AND ORDER** |
| **POLICE DEPARTMENT,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Susan Addleman filed this action under 42 U.S.C. § 1983 on behalf of herself and her son Michael Hill against the Middleburg Heights Police Department and the Berea City School District. In the Complaint (Doc. # 1), Addleman alleges a Middleburg Heights compliance officer assigned to the Middleburg Heights Middle School used excessive force against Hill to break up an altercation between him and other students. She also alleges that the Berea School District treated her disrespectfully when she complained. She seeks monetary damages.

The Middleburg Heights Police Department filed a Motion to Dismiss (Doc. # 5). For the reasons stated below, that Motion is granted. Furthermore, because Plaintiff has not identified a viable cause of action which she has standing to bring against the Berea City School District, the claims against that Defendant are also dismissed.

# I. BACKGROUND

On December 13, 2013, while Hill was in middle school, an altercation occurred between Hill and one or two other students. Addleman alleges the other boys had been bullying Hill and physically attacked him. She contends Hill responded physically to defend himself when one of the boys began to choke him. She states that the Middleburg Heights Resource Officer assigned to Hill's school entered the room, saw the altercation and broke it up by shoving Hill up against the wall. She alleges that the officer then dragged Hill to the office by his neck and threw him into a chair. She states after she retrieved Hill from the school, she took him to the hospital where he was diagnosed with a sprained shoulder. He also complained of neck and back pain and exhibited bruises on his arms and neck.

Upon his release from the emergency room, Addleman took Hill to the Middleburg Heights Police Department and attempted to file a complaint against the resource officer. She contends the officers on duty would not take her complaint. She indicates she sought assistance from the mayor's office. They also declined to intervene. She states that to her knowledge, no charges or disciplinary action was initiated against the officer.

Addleman further alleges that the Berea City Schools treated her and her son badly after she complained about the officer's behavior. She claims the principal admitted that the resource officer used excessive force and indicated that he would no longer be permitted in the building unless he was needed. Plaintiff contends that this was not true and the officer was repeatedly in the building after she received this information. She alleges her son was bullied at school and now gained attention from fellow students as the child who was assaulted by the resource officer. She indicates her son's Individual Education Plan ("IEP") was taken away after the

incident. She states he missed so much school and was afraid he was failing. She contends he would call her crying from the school bathroom complaining that his stomach hurt. She indicates she begged the school to intervene and make it a safe environment for him in middle school but they did not help. She alleges that when he got to high school, the bullying situation became much worse. She alleges that they moved to Brookpark where several children from the Berea School District threw hand sanitizer on Hill and lit it on fire, causing Hill to suffer from serious burns. Addleman does not indicate whether this incident took place at school or elsewhere. She states Hill attempted suicide and dropped out of school. Addleman claims he secluded himself in his room. She eventually filed a complaint against the resource officer and in response assault charges were filed against Hill. She does not indicate what happened with these charges.

Addleman cites to 42 U.S.C. § 1983 and claims the Middleburg Heights resource officer violated Hill's rights. Her claims against the Berea Schools are not as well defined. She contends that the Berea Schools did nothing to protect her child and took away his IEP. She states they would not return her phone calls and treated her badly. She claims they denied Hill basic rights of education and quality of life. It is unclear from the pleading which legal claim or claims she is attempting to assert against this Defendant.

The Middleburg Heights Police Department filed a Motion to Dismiss. (Doc. # 5). They claim the police department is not a legal entity under Ohio law that can sue or be sued. They further argue that Addleman failed to demonstrate that the officer acted pursuant to a custom or policy to hold the City of Middleburg Heights liable for injuries to Hill. They indicate in a footnote that Addleman and Hill should not be permitted to amend the Complaint

to add parties as the amendment would occur more than two years after Hill's eighteenth birthday.

## II. STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and recently in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) clarified the law regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold Plaintiff's Complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

### III. ANALYSIS

As an initial matter, the real party in interest is not before the Court. It appears that Addleman composed the Complaint and printed Hill's name at the bottom of it. His signature does not appear anywhere on any document. A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).[1] If a child is a minor, he or she cannot appear

---

[1] 28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such

*pro se.* His or her claims must be brought through an attorney. *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986); *Lawson v. Edwardsburg Public School*, 751 F.Supp. 1257 (W.D. Mich. 1990). A parent who is not a licensed attorney cannot bring claims on behalf of his or her child in federal court. Hill, although a minor when the incident occurred, is now an adult. Moreover, he was adult when this action was filed. As an adult litigant, he may proceed *pro se*; however, he must personally sign the Complaint to invoke this Court's jurisdiction. *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). Addleman is not a licensed attorney and therefore is not authorized to represent Hill in court. Her signature or placement of his name on the form is not sufficient to bring his claims before the Court. Consequently, if he did not personally sign the Complaint, as it appears from the handwriting and first person statements in the Complaint that are clearly those of Addleman, the Court has no jurisdiction over his claims.

Although Addleman signed the Complaint, the only claims that she can bring are those that pertain to a violation of her rights, All of the legal claims in the Complaint, however, appear to be those of her son. The only discernable federal claims here are those asserted under 42 U.S.C. § 1983. Claims asserted in a § 1983 action are personal to the injured party, and therefore can only be brought by the person whose rights were violated. *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003). Addleman alleges that the resource officer used excessive force against Hill. Hill is the injured party whose rights were alleged to have been violated. She alleges that the Berea School District failed to protect Hill from bullying. Again, Hill is the

courts, respectively, are permitted to manage and conduct cases therein.

injured party and his rights are those alleged to have been violated. The fact that Addleman as his mother may be collaterally affected by the adjudication of her son's rights does not necessarily extend the Court's Article III powers to her. *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 692 (6th Cir. 1985). She lacks standing to bring these as her own claims. Because standing to prosecute an action is a necessary element to invoke this Court's subject matter jurisdiction, Addleman's claims based on her son's injuries are dismissed. *See Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 631 (6th Cir. 2015) (stating that if a plaintiff does not have standing to bring a case, the court lacks jurisdiction and must dismiss the case).

Furthermore, it is not clear what claim or claims Addleman is attempting to bring against the Berea School District or the Middleburg Heights Police Department as her own causes of action for injuries she sustained. She alleges both did not respond harshly enough toward the resource officer. She contends they treated her rudely and did not return her telephone calls. She states they removed Hill's IEP, but again provides no details. To meet federal notice pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). There is no indication of a claim that Addleman intended to raise against the Defendants.

Moreover, the Middleburg Heights Police Department is not a proper Defendant. Police Departments are not *sui juris*, meaning they are not separate legal entities under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued");*Gibson v. Mechanicsburg Police Dep't*, No. 3:16cv48, 2017 WL 2418317, at *5

(S.D. Ohio 2017) (Rice, D.J.) (Mechanicsburg police department not *sui juris* ). They are merely subunits of the municipality they serve, in this case the City of Middleburg Heights. They do not have a separate legal existence. As a consequence, claims against the Police Department fail as a matter of law.

## IV. CONCLUSION

Accordingly, Defendant's Motion to Dismiss (Doc. # 5) is granted. This action is **DISMISSED** without prejudice to any claims Michael Hill may bring on his own or through a licensed attorney.[2] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

*s/ Dan Aaron Polster*   6/30/2021
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court expresses no opinion on the viability or merit of any claims he may bring.

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.